UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IAN QUAN et al.,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>FARMERS GROUP INC. et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 3:23-cv-05296-DGE<br><br>ORDER ON STIPULATED MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY (DKT. NO. 33). |

This matter comes before the Court on the Parties' joint motion for extension of time to complete discovery, which was filed on October 28, 2024. (Dkt. No. 33.) The Parties represent that they "have been involved in settlement discussions and may soon engage in mediation, and are optimistic the parties will reach resolution without expert disclosures." (*Id.* at 1.) Accordingly, they request a continuance of the expert witness disclosure deadlines, expert rebuttal deadlines, and discovery motions, which would allow them to "focus on alternative dispute methods in the next couple weeks." (*Id*. at 2.) Notwithstanding, the "parties are otherwise on track to timely complete discovery." (*Id*.)

ORDER ON STIPULATED MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY (DKT. NO. 33). - 1

1       On April 11, 2024, the Court held a scheduling hearing with the Parties. At that hearing, it was established that expert witness reports under Rule 26(a)(2) were due by October 28, 2024. Although the Parties had more than six months to conduct discovery with this deadline in mind, it was not until the afternoon of the deadline itself that the Parties filed this stipulated motion. Moreover, the stipulation itself is threadbare; it does not identify when Parties entered into settlement discussions and began "primarily [] focusing on exchanging offers and arranging mediation." (Dkt. No. 33 at 2.) Indeed, the motion is devoid of specifics in all respects. Under Rule 6, the Court may extend time "for good cause." Fed. R. Civ. P. 6(b)(1). The Parties have failed to meet this standard, particularly considering the Court's clear admonishment at the scheduling hearing that it would consider extensions only if the Parties justified the request and explained the circumstances. Nonetheless, it is evident the Parties have not disclosed expert opinions thereby compelling an extension.

      Accordingly, the Court GRANTS IN PART and DENIES IN PART the Parties' stipulated motion. (Dkt. No. 33.) The expert disclosure deadline shall be extended to November 18, 2024. Expert rebuttal testimony shall be due by December 6, 2024. Expert depositions and all other discovery regarding experts shall be completed by December 18, 2024. Except for the expert disclosure and expert discovery extension granted herein, all other deadlines remain the same including the deadlines for motions related to discovery and the deadline for completion of all other discovery.

      Dated this 30th day of October, 2024.

                                          David G. Estudillo
                                          United States District Judge